IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **00-cv-02285-JLK**

**GREGORY A. STROCK,**

    Plaintiff,

v.

**USA CYCLING, INC., UNITED STATES CYCLING FEDERATION, INC., and RENE WENZEL,**

    Defendants,

and

Civil Action No. **01-cv-02444-JLK**

**ERICH L. KAITER**

    Plaintiff,

v.

**USA CYCLING, INC., UNITED STATES CYCLING FEDERATION, INC., RENE VENZEL OLESEN (also known as RENE WENZEL), and ANGUS FRASER,**

    Defendants.

---

## ORDER

---

KANE, J.

    These fraud and personal injury actions arise out of allegations by two former USA Cycling Junior Team members that they were given steroids and other performance-enhancing substances by Defendant coaches under the guise of being

treated with legal nutritional supplements and medications. Both men claim they were victims of unwitting "doping" that caused them to contract serious career-ending illnesses.

The Defendant coaches and cycling associations deny either man was ever administered illegal substances, deny their ensuing illnesses were causally related in any way to any of the legal medications or supplements that were administered, and contend both lawsuits were filed beyond any applicable statute of limitations. Defendants' positions are set forth in a series of motions for summary judgment (Documents 44 & 76 in 00-2285 and Doc. 30 in 01-2444), which I will set for oral argument by separate Minute Order, and related Motions to Strike exhibits.[1]

Upon careful review of Plaintiff Strock's Motion for Summary Judgment in 00-2285 on Wenzel's counterclaim for defamation (Doc. 81) and considering fully the arguments raised in Strock's Motion to Strike evidence offered by Wenzel in opposition to the Motion, I conclude oral argument is unnecessary and will resolve the Motion for

---

[1] In total, there are four Motions to Strike in which the parties in 00-2285 and Defendants in 01-2444 each claim various exhibits offered by the other side in support of their briefs on summary judgment should be stricken as inadmissible hearsay or the like. I will address the merits of these Motions as necessary in ruling on the Motions for Summary Judgment and will otherwise consider only evidence properly before me under Rule 56(c) standards. To the extent the Motions present *Daubert*-style objections to reports or affidavits of expert witnesses, they are DENIED WITHOUT PREJUDICE to being reasserted before trial, if appropriate. Because there is no need for formal rulings on the Motions, they are otherwise DENIED as MOOT.

Summary Judgment on the briefs. The question of whether Wenzel was a public or strictly private figure in the context of Strock's statements is a close one in this case. Even assuming for purposes of summary judgment, however, that Wenzel was a public figure and Strock's statements to the media were matters of public interest, I conclude Wenzel has adduced sufficient evidence to survive summary judgment on his defamation claim.

If an individual is a public figure, a plaintiff must prove publication of a defamatory falsehood "with 'actual malice' – that is, with knowledge that it was false or with reckless disregard of whether it was false or not," as well as actual damages. *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964). Even without considering Exhibits 46, 47 and 48[2] and certain hearsay statements of Wenzel, I conclude Wenzel has produced evidence which, if taken together with a determination that Wenzel was the more credible of the parties, could lead a reasonable trier of fact to conclude that (1) Strock made defamatory statements to the media, (2) about a coach understood to be Wenzel, (3) at a time when Strock either knew they were false or recklessly disregarded their truth or falsity. In reaching this conclusion, I note Strock's *Daubert*-related

---

[2] I decline to consider these documents because they are unnecessary to my ruling, and not because they are necessarily inadmissible on the grounds asserted by Strock in his Motion to Strike. The documents may or may not be admissible at trial depending on Wenzel's ability to authenticate them, and are not per se inappropriate for consideration on a motion for summary judgment. They most certainly are not proper grist for a motion to strike.

challenges to the qualifications of Dr. Gelfand and Mr. Crawford and to the reliability of their respective opinions are left for another day. Considering those opinions and all of the other evidence in the record in the light most favorable to Wenzel as the proponent of his defamation claim, and assuming for purposes of summary judgment that a jury would find Wenzel and his expert witnesses to be credible, I cannot conclude Wenzel would be unable to prove his counterclaim at trial.

Based on the foregoing,

1. Plaintiff Strock's Motion for Summary Judgment on Wenzel's Counterclaim for Defamation (Doc. 81 in 00-2285) is DENIED;

2. The various Motions to Strike pending in 00-2285 (Docs. 89, 93, and 109) and in 01-2444 (Doc. 38) will be decided informally in the course of ruling on the remaining Motions for Summary Judgment and are therefore DENIED as MOOT; and

3. Defendants' Motions for Summary Judgment in 00-2285 (Docs. 44 and 76) and 01-2444 (Doc. 30) will be set for oral argument by separate Minute Order. Given the onset of a long-standing three month jury trial beginning next week, oral argument will not be scheduled until early next year.

Dated September 28, 2005

BY THE COURT:

**s/John L. Kane**
U.S. SENIOR DISTRICT JUDGE